# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HEARTLAND COVER-ALL, L.L.C.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WILLIAM BODARD, et al.,** )<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION**<br><br>**No. 06-2315-KHV** |

## ORDER

Heartland Cover-All, L.L.C. ("Heartland") brought suit against William Bodard and Carole Wallace in Kansas state court, see Exhibit 1 to Notice Of Removal (Doc. #1) filed July 28, 2006, and defendants removed the action pursuant to 28 U.S.C. § 1441, Notice Of Removal (Doc. #1). Defendants' sole basis for subject matter jurisdiction is diversity of citizenship. 28 U.S.C. § 1332. Section 1332 requires complete diversity between all plaintiffs and all defendants. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). For the purpose of diversity jurisdiction, an L.L.C. is a citizen of each state of which a member is a citizen. Birdsong v. Westglen Endoscopy Ctr., L.L.C., 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001); accord Pramco, L.L.C. v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (every circuit to consider issue has held that citizenship of L.L.C. is determined by citizenship of all of its members).

It is well settled that a court lacking subject matter jurisdiction must dismiss the cause at any point in the proceedings where it becomes apparent that jurisdiction is lacking. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). More specifically, the Court should adopt a presumption against removal jurisdiction, placing the burden on the party requesting removal to set forth, in the notice of removal itself, the underlying

facts supporting the Court's jurisdiction. Id. "[T]he existence of diversity must be established on the face of . . . the removal notice." Id. Where the Court's jurisdiction has not been properly established, remand is appropriate. 28 U.S.C. § 1447(c); see id. at 873-74.

Heartland's state court petition does not allege the citizenship of each of its members. The notice of removal alleges that defendants are domiciliaries of Missouri[1] and that Heartland is a Kansas Limited Liability Company. The notice of removal does not allege the citizenship of each member of Heartland and it therefore fails to properly allege subject matter jurisdiction. Because the notice of removal does not establish the Court's jurisdiction on its face, the Court remands the action to state district court.

**IT IS THEREFORE ORDERED** that this case be and hereby is **REMANDED** to the District Court of Johnson County, Kansas.

Dated this 5th day of October, 2006 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        Kathryn H. Vratil
                                        United States District Judge

---

[1] Defendants do not allege that they are citizens of Missouri. For purposes of federal diversity jurisdiction, however, domicile is the equivalent of state citizenship. See Smith v. Cummings, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

2